EXHIBIT C

LAW OFFICES OF SHANNON GARRAHAN, P.C.
2 FOREST AVENUE-SECOND FLOOR
ORADELL, NEW JERSEY 07649
(201) 909-0700
ATTORNEY I.D.: 021221996
E-mail: shannonaal@msn.com

| | |
|---|---|
| REPUBLIC GROUP, LLC, MBE CAPITAL PARTNERS, LLC, RAFAEL MARTINEZ, CHELSEA MARTINEZ, REACHING NEW HEIGHTS, CORP.<br>　　　　　　Plaintiffs,<br><br>vs.<br><br>BANK OF AMERICA, NA AND MERRILL LYNCH, A BANK OF AMERICA COMPANY, JOHN DOES 1-10 AND ABC CORP. 1-10 (BEING FICTITIOUS NAMES<br>　　　　　　Defendants. | SUPERIOR COURT OF NEW JERSEY<br>LAW DIVISION: CIVIL PART<br>BERGEN COUNTY<br><br>Docket Number: L-<br><br>Civil Action<br><br><br><br><br><br><br><br>**COMPLAINT AND JURY DEMAND** |

Plaintiffs, Republic Group, LLC, ("Republic"), MBE Capital Partners, LLC ("MBE") Rafael Martinez, Chelsea Martinez and Reaching New Heights Corp., together ("Plaintiffs"), by and through its undersigned counsel, Law Offices of Shannon Garrahan, P.C., hereby alleges, as and for its Complaint against Defendants, Bank of America, NA, ("Bank of America") and Merrill Lynch, A Bank of America Company, ("Merrill") together, ("Defendants") as follows:

**PRELIMINARY STATEMENT**

1.　This matter involves systemic discrimination and racism which continues to permeate America's financial services industry. Many of the white Americans who dominate the worlds of banking and investment today still, consciously and unconsciously, act to prevent minority Americans and minority females from achieving success on the same basis, terms, and

level as their white male associates.

2.  The additional burden borne by minority-owned firms such as Republic Group, LLC, MBE Capital Partners, LLC and Reaching New Heights Corp. becomes impossible to overcome when officials at banking institutions continue to perpetrate such discrimination themselves by excluding Black, Brown, Woman and Minority owned firms and professionals.

3.  The actions taken by Bank of America and Merrill, as set forth in this pleading, are disturbing not only for how they have harmed and continue to harm the plaintiffs, but because of the serious betrayal of public trust they reveal, particularly with regard to minority consumers and businesses.

4.  The discrimination and unlawful acts against the Plaintiffs represent a small example of how some of the most powerful banking institutions in the country have used institutional power to exploit and attempt to destroy a minority owned business seeking to compete on a level playing field.

## NATURE OF THE CLAIMS

5.  This action seeks declaratory, injunctive and equitable relief, as well as monetary damages, to redress defendants' violations of 42 U.S.C. § 1981 ("Section 1981"), New Jersey Civil Rights Act, breach of contract and breach of the implied covenant of good faith and fair dealing.

## THE PARTIES

6.  Plaintiff, Republic Group, LLC is a Limited Liability Corporation organized under the laws of the State of New York, headquartered in Fort Lee, New Jersey, with its principal place of business located at 1 Bridge Place North, Fort Lee, New Jersey.

7. Plaintiff, MBE Capital Partners, LLC, a Division of Republic Group, LLC, is a Limited Liability Corporation organized under the laws of the State of New York, headquartered in Fort Lee, New Jersey, with its principal place of business located at 1 Bridge Place North, Fort Lee, New Jersey.

8. Plaintiff, Rafael Martinez, is an individual of Dominican descent who is black and the Managing Member of Republic Group, LLC and MBE Capital Partners, LLC. Rafael Martinez resides at 300 Hopper Court, Franklin Lakes, New Jersey.

9. Plaintiff, Chelsea Martinez, is the daughter of Rafael Martinez and an Officer and authorized signatory on the bank accounts maintained by Republic, MBE and Reaching New Heights. Chelsea Martinez is a black female of Dominican descent.

10. Plaintiff, Reaching New Heights, Inc., is a non-profit corporation organized under the laws of the State of New Jersey with a principal place of business at 1 Bridge Plaza North, Fort Lee, New Jersey.

11. Defendant, Bank of America, NA, is a National Banking Institution with an address of 154 Main Street, Fort Lee, New Jersey 07024.

12. Defendant, Merrill Lynch and Co. Inc., is a National Banking Institution and investment firm with an address of 4 World Financial Center, 250 Vesey Street, New York, New York 10080.

13. Republic, MBE and Reaching New Heights are minority owned businesses whose purpose is to provide financing to minority and female owned businesses.

## FACTUAL ALLEGATION

14. Republic and MBE were formed by Rafael Martinez with the primary purpose of providing cash flow and investment opportunities to small, diverse, minority and female owned businesses and individuals.

15. Republic, MBE and Rafael Martinez, who is a black man of Dominican descent, also recognized that there are shockingly few minority-owned financial managers in the services industry, and in New Jersey in particular. Even those that did exist faced numerous roadblocks due to institutional racism that continues to permeate the financial field, tilting the playing field substantially against them as compared to white-owned competitor funds.

16. Rafael Martinez believed that by creating cash flow vehicles for small, minority owned and female owned businesses, he could set himself, Republic and MBE apart and create a roadmap for future minority and women owned small and diverse businesses to gain a foothold in their profession which has traditionally been dominated by white men.

17. In the midst of a National Pandemic, MBE Capital Partners, LLC, was granted approval by the United States Small Business Association ("SBA") to issue Paycheck Protection Program Loans ("PPP Loans") to a traditionally under-represented class of small business; Small, Diverse and Minority Owned and Female Owned Businesses.

18. Through its own efforts Republic and MBE obtained the funds necessary to manage and distribute $ 100,000,000.00 (One Hundred Million Dollars) PPP Loans to Small and Diverse Minority owned and Female Owned businesses.

19. Republic and MBE spent an enormous amount of time developing a program which would ensure that Minority owned business would quickly receive PPP Loans during a

4

time of turmoil and national emergency.

20. At a time of public outrage over systemic racism and discrimination, Republic and MBE sought to assist minorities who have historically been denied fair and reasonable access to loans by National Banking Institutions.

21. Republic, MBE and Rafael Martinez had a long standing banking relationship with Bank of America, where they maintain business and operating accounts as well as personally and investment accounts.

22. MBE, a Division of Republic Group, was granted authority to issue PPP Loans by the SBA in or about May 2020 as a 'non-lender' participant in the Paycheck Protection Program. Republic's account with Bank of America was credited 100,000,000.00 on or about May 13, 2020 in furtherance of the program developed to provide PPP Loans to a small, diverse, minority and women owned businesses who found themselves excluded when pursuing programs through traditional Banking Institutions.

23. MBE began disbursing loan proceeds to approved borrowers pursuant to the Rules and Regulations established by the PPP Loan Program.

24. On or about May 20, 2020, a customer, who was a minority, tendered a duly authorized negotiable instrument to Bank of America for payment which was issued from the Republic account.

25. Prior to this time, Republic had always carried out banking functions for MBE through Bank of America.

26. Bank of America refused to honor the check and instead humiliated and degraded the customer and client of Republic and MBE, claiming the check was fraudulent.

5

27. Bank of America would not have refused to cash the check for a non black customer. Bank of America would have permitted a white customer to cash the check.

28. Bank of America contacted Rafael Martinez and notified him that the Republic account was under investigation and being frozen pending investigation.

29. A telephone conversation ensued between members of Republic, MBE, Rafael Martinez and CFO, Carra Wallace and various representatives of Bank of America.

30. It was explained to Bank of America that MBE was an approved non-financial institution PPP lender in compliance with the Rules and Regulations set forth by the SBA.

31. Bank of America was notified that the purpose of the program was to assist minority, women owned and small and diverse businesses in a time of crisis.

32. MBE and Republic are minority owned businesses.

33. Under the guise of performing "due diligence" into Republic and MBE and providing a reason that 'Bank of America is unable to support Republic Group Parts, LLC efforts to participate in the PPP program as an intermediary in the distribution of PPP Loans', Bank of America refused to honor checks or electronic payments presented against the account of Republic Group despite sufficient funds being available.

34. Bank of America has participated in the PPP program and has allowed other customers to participate in the PPP Program. Bank of America refused to 'support Republic's efforts to participate in PPP program' because Republic and MBE are black owned businesses. Bank of America has supported the efforts of other white customers to participate in the PPP Program.

35. Bank of America demanded all funds be transferred from their institution and

6

refused to honor checks or electronic items presented for payment which Republic Group had issued for the purpose of providing desperately needed funding to small, diverse, woman and minority businesses.

36. In response to the request that Republic transfer all funds earmarked for PPP Loans in the Republic account, Rafael Martinez forwarded written notice to Bank of America indicating he understood Bank of America's perceived issues but wished to maintain his personal, business and family accounts with Bank of America.

37. Republic transferred the funds earmarked for minority owned, women owned and small and diverse PPP Loans and continued to disburse PPP Loans through another banking institution.

38. Bank of America never provided a legitimate, lawful or non-discriminatory reason for its refusal to honor checks and electronic payments issued by Republic in connection with the PPP Loan Program.

39. The discriminatory decision was based solely upon Republic and MBE being a minority owned business whose customers are predominantly minority owned businesses and fueled by a minority consumer presenting a check to Bank of America for payment.

40. As a direct and proximate result of the discriminatory actions by Bank of America, plaintiffs suffered damage to their reputation in the industry, was caused to expend extensive time and effort in funding loans, suffered damage to its reputation with the SBA and Capital Financial Partners as well as shed a negative light on the small, diverse, minority PPP Program formulated by Republic and MBE and resulted in hundreds of hours of work and investment by the plaintiffs.

7

41. On August 3, 2020, in further gratuitous retaliation, after refusing to do business with Republic and MBE, Merrill forwarded notice to Chelsea Martinez that her account was being closed. No reason was provided for the threatened closure.

42. The sole reason for the closure was Chelsea Martinez's status as a minority female. The defendants would not have closed the account if Chelsea Martinez was a white similarly situated customer.

43. On August 10, 2020, in further gratuitous retaliation, after demanding Republic transfer all funds earmarked for minority owned, woman owned and small and diverse businesses to obtain PPP Loans, Bank of America forwarded notice to Chelsea Martinez that her personal bank account was being closed. No reason was provided for the threatened closure.

44. The sole reason for the closure was that Chelsea Martinez is a black woman. The defendant, Bank of America, would not have closed the account of a white similarly situated individual.

45. On August 10, 2020, in further gratuitous retaliation, after demanding Republic transfer all funds earmarked for minority owned, woman owned and small and diverse businesses to obtain PPP Loans, Bank of America forwarded notice to Rafael Martinez that his account was being closed. No reason was provided for the threatened closure.

46. The sole reason for the closure was that Rafael Martinez is a black man. The defendant, Bank of America, would not have closed the account of a white similarly situated individual.

47. On August 10, 2020, in further gratuitous retaliation, after demanding Republic transfer all funds earmarked for minority owned, women owned and small and diverse businesses

8

to obtain PPP Loans, Bank of America forwarded notice to Reaching New Heights, A New Jersey Non Profit Corporation, in which Chelsea Martinez and Rafael Martinez are Officers, that its account was being closed. No reason was provided for the threatened closure.

48. The sole reason for the closure was that Reaching New Heights is a minority owned business. The defendant, Bank of America, would not have closed the account of a similarly situated white owned business.

49. On August 10, 2020, in further gratuitous retaliation, after demanding Republic transfer all funds earmarked for minority owned, woman owned and small and diverse businesses to obtain PPP Loans, Bank of America forwarded notice to Republic that its account was being closed. No reason was provided for the threatened closure.

50. The sole reason for the closure was that Republic is a minority owned business providing services to minority owned businesses. The defendant, Bank of America, would not have closed the account of a similarly situated white owned business.

51. Once again in May 2021, Bank of America unilaterally froze and subsequently closed a borrower account claiming the borrower received PPP Funds by way of fraud.

52. In May and June 2021, MBE contacted Bank of America in order to determine the facts regarding the claim of fraud. At the same time, the borrower notified Bank of America that she was going to file a lawsuit for discriminatory conduct due to the fact that the borrower is a black female.

53. Despite repeated telephone calls and e-mail requests from MBE to Bank of America requesting they disclose the nature of the fraudulent conduct, Bank of America did not respond to the requests from MBE or cooperate in any way in the handling of the purported

9

fraudulent activity.

54. The actions of Bank of America in freezing the borrower account to investigate purported fraud and the failure to respond to or cooperate with MBE were racially motivated and evidence of Bank of America's continued discriminatory conduct toward minority customers and bushiness, including Republic, MBE and Reaching New Heights.

55. Bank of America would not have denied a white customer access to their account without providing information.

56. Bank of America would not have denied a non-minority business information regarding purported borrower fraud and would have returned telephone calls and e-mails if MBE was a white owned company.

57. After failing to answer inquiries from MBE and the borrower regarding the basis for the fraud allegation, Bank of America released the funds to the borrower without explanation to either the borrower or MBE.

58. The refusal by Bank of America to provide any reason or support for the initial refusal to honor payments issued by Republic and MBE as well as the subsequent retaliatory actions taken by Bank and America and Merrill against Rafael Martinez, Chelsea Martinez, Republic, MBE and Reaching New Heights demonstrates the venom of these officials and confirms their discriminatory and retaliatory animus towards minority and woman owned businesses whose management had the nerve to seek to defend its civil and contractual rights.

59. The exploitation of and retaliation against Republic and the Martinez family reveals that racial discrimination and malfeasance occurs even at the pinnacle of success and industries such as financial services. The participation by two of the largest financial services

10

companies in the world also shows that such conduct can be found in surprising places, including institutions which the public trusts will pursue its best interests.

60. The harm inflicted on the plaintiffs is enormous, and at a minimum, runs into the tens of millions of dollars. There simply is no way to undo the damage to the business and personal reputation of the plaintiffs as well as the future prospects of MBE and Republic as a result of the discriminatory and malicious conduct suffered at the hands of Bank of America.

61. The failure of Bank of America and Merrill to address the troubling history and documented allegations levied by the plaintiffs demeans the financial industry, undermines the public trust and has left the plaintiffs with no other option than to pursue justice in a court of law.

62. By virtue of these blatantly unlawful actions, Republic, MBE and Rafael Martinez sustained serious harm in its relationships with prospective clients, the SBA, investors and Capital Partners as well as sustaining damage to their good reputation in the community.

63. Bank of America and Merrill's practices and policies have had a disproportionately negative impact on minority business owners, and especially on African–American and Woman owned firms.

64. The resistance to comply with the law underscores the ingrained nature of the discriminatory intent and resistance to and suspicion of minority and woman owned firms in the banking industry.

65. As a result of the blatantly retaliatory conduct of Bank of America and Merrill, the plaintiffs have suffered tens of millions of dollars in lost business and lost profits, and the harm to the Company's prospects and reputation is irreparable.

11

## FIRST COUNT
## (Discrimination in Violation of Section 1981)

66. The plaintiffs hereby repeat and re-allege the allegation set forth in this pleading as if same were set forth at length herein and incorporates same by reference.

67. By the actions detailed above, among others, the defendants have discriminated against the plaintiffs in violation of Section 1981 by, *inter alia*, denying it equal terms and conditions of contract, impeding its ability to make business decisions, and interfering with business relationships because Republic, MBE and Reaching New Heights are minority-owned companies.

68. As a direct and proximate result of the defendants' unlawful and discriminatory conduct in violation of Section 1981, the plaintiffs have suffered, and continue to suffer, monetary and/or economic harm, for which it is entitled to an award of damages.

69. The defendants' unlawful and discriminatory actions constitute malicious, willful and wanton violations of Section 1981, for which the plaintiffs are entitled to an award of punitive damages.

**WHEREFORE**, the plaintiffs, jointly, severally and individually, demand judgment in their favor and against the defendants, jointly, severally and individually, as follows:

A. A declaratory judgment that the actions, conduct and practices of the defendants complained of herein violate the laws of the United States and the State of New Jersey;

B. Injunctive relief to the extent necessary to reverse the defendants' unlawful actions and the harm associated with them, including, but not limited to,

reinstating all of the defendant's accounts in good standing;

C. Compensatory Damages;

D. Consequential Damages;

E. Punitive Damages;

F. Reasonable Attorney's Fees and Costs of suit;

G. Such other and further relief as the Court may deem just and proper.

## SECOND COUNT
### (Retaliation in Violation of Section 1981)

70. The plaintiffs hereby repeat and re-allege each and every allegation set forth in this pleading as if same were set forth fully herein and incorporates same by reference.

71. By the actions detailed above, among others, the defendants have retaliated against plaintiffs based on its protected activities in violation of Section 1981, including, most recently, by denying it the equal terms and conditions of contract, impeding its ability to make business decisions, interfering with Republic, MBE, Rafael Martinez, Reaching New Heights and Chelsea Martinez's business relationships as well as causing harm to their good reputation in the community.

72. As a direct and proximate result of the defendants' unlawful and retaliatory conduct in violation of Section 1981, the plaintiffs have suffered, and continue to suffer, monetary and/or economic harm, for which they are entitled to an award of damages.

73. The defendants unlawful and retaliatory actions constitute malicious, willful and wanton violations of Section 1981, for which the plaintiffs are entitled to an award of punitive damages.

13

**WHEREFORE**, the plaintiffs, jointly, severally and individually, demand judgment in their favor and against the defendants, jointly, severally and individually, as follows:

A. A declaratory judgment that the actions, conduct and practices of the defendants complained of herein violate the laws of the United States and the State of New Jersey;

B. Injunctive relief to the extent necessary to reverse the defendants' unlawful actions and the harm associated with them, including, but not limited to, reinstating all of the defendant's accounts in good standing;

C. Compensatory Damages;

D. Consequential Damages;

E. Punitive Damages;

F. Reasonable Attorney's Fees and Costs of suit;

G. Such other and further relief as the Court may deem just and proper.

### THIRD COUNT
### (New Jersey Law Against Discrimination)

74. The plaintiffs hereby repeat and re-allege each and every allegation set forth in this pleading as if same were set forth fully herein and incorporates same by reference.

75. The New Jersey Constitution guarantees all of its citizens the right to be free from unlawful discrimination and to engage in business relationships free of unlawful discrimination.

76. The defendants discriminated against the plaintiffs on the basis of their race and gender in violation of the New Jersey Constitution by, *inter alia*, taking unlawful actions in an attempt to ensure that a minority- and woman-owned company would not be given the

opportunity to enter a program to provide desperately needed loans to small, diverse female and minority owned businesses.

77. The defendants further discriminated against plaintiffs by subjecting them to discriminatory terms and conditions of its contractual relationship, impeding its ability to make investments and interfering with their business relationships.

78. As a direct and proximate result of the defendants unlawful and discriminatory conduct in violation of the New Jersey Civil Rights Act, the plaintiffs have suffered, and continue to suffer, monetary and/or economic harm, for which they are entitled to an award of damages.

79. The defendants unlawful and discriminatory actions constitute malicious, willful and wanton violations of Section 1981, for which Plaintiff is entitled to an award of punitive damages.

**WHEREFORE**, the plaintiffs, jointly, severally and individually, demand judgment in their favor and against the defendants, jointly, severally and individually, as follows:

A. A declaratory judgment that the actions, conduct and practices of the defendants complained of herein violate the laws of the United States and the State of New Jersey;

B. Injunctive relief to the extent necessary to reverse the defendants' unlawful actions and the harm associated with them, including, but not limited to, reinstating all of the defendant's accounts in good standing;

C. Compensatory Damages;

D. Consequential Damages;

  E. Punitive Damages;

  F. Reasonable Attorney's Fees and Costs of suit;

  G. Such other and further relief as the Court may deem just and proper.

.

## FOURTH COUNT
## (Breach of Contract)

80. The plaintiffs hereby repeat, reiterate and re-allege each and every allegation set forth in this pleading as though fully set forth at length herein and incorporates same by reference.

81. The defendants entered into banking and investment agreements with the plaintiffs.

82. The Agreements were supported by adequate consideration.

83. Every agreement contains an obligation for the parties to act in good faith and deal fairly with each other.

84. Defendant, Bank of America, materially breached the Agreement by refusing to pay funds upon demand and instead demanding Republic and MBE withdraw all funds designated for PPP loans which were specifically designated for small, diverse, minority and woman owned businesses.

85. Defendants, Bank of America and Merrill, have materially breached the Agreements executed between the parties by failing to act in good faith and instead taking retaliatory and discriminatory actions against the defendants by threatening to close their accounts despite the fact they are good standing and in fact closing their bank accounts for discriminatory reasons.

16

86. In view of defendants breaches of the Agreements, the plaintiffs are entitled to injunctive relief and/or confession of judgment and an award of its reasonable attorneys' fees and costs for enforcement of such agreements.

87. The plaintiffs have suffered monetary and other damages, in an as-yet undetermined amount, as the direct and proximate result of the defendants material breaches of the parties Agreements.

88. As a direct and proximate result of the defendants breaches of contract and breach of the duty of good faith and fair dealing, the plaintiffs have suffered, and continue to suffer, economic harm for which they are entitled to an award of damages.

**WHEREFORE**, the plaintiffs, jointly, severally and individually, demand judgment in their favor and against the defendants, jointly, severally and individually, as follows:

A. Compensatory Damages;

B. Consequential Damages;

C. Punitive Damages;

D. Attorney's Fees;

E. Costs of Suit

F. Such other and further relief as the Court may deem just and proper.

DATED: June 24, 2021

Shannon Garrahan, Esq.

## DESIGNATION OF TRIAL COUNSEL

Pursuant to *R.*4:24-4, Shannon Garrahan, Esq. is hereby designated as trial counsel for the plaintiffs in the above matter.

Dated: June 24, 2021      BY: _____
                                                      Shannon Garrahan, Esq.

## JURY DEMAND

Plaintiffs request, pursuant to *R.* 1:8-1(b) and 4:35-1 *et seq.*, a trial by jury on all of the issues so triable in this matter.

                                        BY: _____
                                                      Shannon Garrahan, Esq.

DATED: June 24, 2021

## CERTIFICATION

I certify that the matter in controversy is not the subject of any pending or contemplated litigations. I am not aware of any other action or arbitration proceeding, now or contemplated, and that to the best of my present belief no other parties should be joined in this action pursuant to *R.* 4:5-1.

                                        BY: _____
                                                      Shannon Garrahan, Esq.

DATED: June 24, 2021

## CERTIFICATION PURSUANT TO RULE 1:38-7(b)

I certify that confidential personal identifiers have been redacted from documents now submitted to the court, and will be redacted from all documents submitted in the future in accordance with Rule 1:38-7(b).

Dated: June 24, 2021          BY: _____
                                   Shannon Garrahan, Esq.