**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| REPUBLIC GROUP, LLC, MBE CAPITAL PARTNERS, LLC, RAFAEL MARTINEZ, CHELSEA MARTINEZ, REACHING NEW HEIGHTS, CORP., <br><br> Plaintiffs, <br><br> v. <br><br> BANK OF AMERICA, N.A. AND MERRILL, LYNCH, A BANK OF AMERICA COMPANY, JOHN DOES 1-10 AND ABC CORP. 1-10 (BEING FICTITIOUS NAMES), <br><br> Defendant. | Civil Action No. 21-14634 (SDW) (JBC) <br><br> **OPINION** <br><br> January 18, 2022 |

**WIGENTON**, District Judge.

Before this Court is Defendants Bank of America, N.A. and Merrill Lynch, A Bank of America Company's (collectively, "Defendants" or "BOA") Motion to Dismiss (D.E. 9) Plaintiffs Republic Group, LLC ("Republic"), MBE Capital Partners, LLC ("MBE"), Rafael Martinez, Chelsea Martinez, and Reaching New Heights, Corp.'s ("RNH") (collectively, "Plaintiffs") Complaint (D.E. 1-3 ("Compl.")) for failure to state a claim upon which relief can be granted pursuant to Federal Rule of Civil Procedure ("Rule") 12(b)(6). This Court having considered the parties' submissions, having reached its decision without oral argument pursuant to Rule 78, and for the reasons stated herein, Defendants' Motion to Dismiss is **GRANTED**.

I.  **FACTUAL HISTORY**

Plaintiff Rafael Martinez ("Mr. Martinez"), a New Jersey resident of Dominican descent, is the managing member of both Republic and MBE, companies designed to provide "cash flow and investment opportunities to small, diverse, minority and female owned businesses and individuals." (*See* Compl. ¶¶ 8, 13-14.) His daughter, Chelsea Martinez ("Ms. Martinez"), is an officer "and authorized signatory on the bank accounts maintained by" Republic, MBE, and RNH. (*Id.* ¶ 9.) In the spring of 2020, MBE and Republic gained approval from "the United States Small Business Association ("SBA") to issue Paycheck Protection Program Loans ("PPP Loans") to" minority owned small businesses and deposited approximately $100,000,000.00 in Republic's BOA business account. (*Id.* ¶¶ 17-23.) However, beginning on or about May 20, 2020, BOA "refused to honor checks or electronic payments presented against" Republic's account and informed Plaintiffs that it was "unable to support [Plaintiffs'] efforts to participate in the PPP program …" (*Id.* ¶¶ 24-35.) Plaintiffs advised BOA that the purpose of the businesses was to assist minority and women owned businesses. (*Id.* ¶¶ 28-31.) Plaintiffs allege that BOA "never provided a legitimate, lawful or non-discriminatory reason for its refusal to honor checks and electronic payments issued by Republic in connection with the PPP Loan Program" and, therefore, the basis for its decision was "based solely upon Republic and MBE being a minority owned business whose customers are predominately minority owned businesses." (*Id.* ¶¶ 38-39.)

Plaintiffs further allege that BOA subsequently retaliated against Plaintiffs by closing both Mr. and Ms. Martinez's personal accounts and the business accounts for Republic, MBE and RNH in August 2020. (*Id.* ¶¶ 41-50.)[1] Plaintiffs assert that the sole reason for the closure of Mr. and Ms. Martinez's personal accounts and the business accounts for Republic, MBE and RNH was

---

[1] RNH is a non-profit corporation with no involvement in the PPP Loan program. (Compl. ¶ 10, 17.)

their status as minorities and minority owned businesses, and therefore, BOA would not have closed such accounts if Plaintiffs were "white similarly situated customer[s]" or "similarly situated white owned business[es]." (*Id.*)

In May 2021, Plaintiffs assert that BOA "unilaterally froze and subsequently closed a borrower account claiming the borrower received PPP Funds by way of fraud." (*Id.* ¶ 51.) Without identifying the borrower, Plaintiffs conclude that BOA's actions in freezing the borrower account was racially motivated, and therefore, evidence of "continued discriminatory conduct toward minority customers and bus[inesses], including Republic, MBE and Reaching New Heights". (*Id.* ¶ 54.) While BOA later released the funds to the borrower, Plaintiffs allege that BOA failed to provide an explanation as to the basis for the fraud to MBE or the borrower. (*Id.* ¶¶ 53-57). Plaintiffs assert that BOA's refusal to provide any reason for the initial refusal to honor payments issued by Republic and MBE, as well as BOA's subsequent closure of Mr. and Ms. Martinez's personal accounts and the business accounts for Republic, MBE and RNH demonstrate BOA's discriminatory and retaliatory conduct towards Plaintiffs. (*See* generally Compl. ¶¶ 24-57.)

## II.  PROCEDURAL HISTORY

On August 31, 2020, Plaintiffs filed their original complaint, raising claims for discrimination and retaliation pursuant to 42 U.S.C. § 1981 and the New Jersey Law Against Discrimination, N.J.S.A. 10:5-1 et seq. ("NJLAD"), as well as claims pursuant to the New Jersey Civil Rights Act ("NJCRA") and for breach of contract. (*See Republic Group, LLC, et al. v. Bank of America, N.A., et al.*, Case No. 2:20-cv-12081 (D.N.J.). Defendants subsequently moved to dismiss, and all briefs were timely filed. (*Id.*) On February 1, 2021, this Court dismissed Plaintiffs' original complaint for discrimination, retaliation, and breach of contract against BOA. (*Id.*)[2] On

---

[2] In its Letter Opinion filed with the Clerk of the Court, dated February 1, 2021 ("Letter Opinion") in *Republic Group, LLC, et al. v. Bank of America, N.A., et al.*, Case No. 2:20-cv-12081 (D.N.J.), the Court found that Plaintiffs' claims

3

March 2, 2021, Plaintiffs filed an amended complaint, but later dismissed their amended complaint without prejudice on March 3, 2021. (*Id.*)

Thereafter, Plaintiffs filed a new complaint in the Superior Court of New Jersey, Law Division, Bergen County asserting causes of action for discrimination, retaliation, and breach of contract against BOA identical to their original complaint. (*See* generally Compl. ¶¶ 66-88.) Defendants removed the case to this Court on August 5, 2021, and subsequently moved to dismiss the complaint. Briefing was timely completed. (Compl. ¶¶ 9,13, 14.)

### III.  LEGAL STANDARD

An adequate complaint must be "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). This Rule "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief above the speculative level[.]" *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal citations omitted); *see also Phillips v. Cty. of Allegheny*, 515 F.3d 224, 232 (3d Cir. 2008) (stating that Rule 8 "requires a 'showing,' rather than a blanket assertion, of an entitlement to relief").

When considering a motion to dismiss under Rule 12(b)(6), a court must "accept all factual allegations as true, construe the complaint in the light most favorable to the plaintiff, and determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief." *Phillips v. Cty. of Allegheny*, 515 F.3d 224, 231 (3d Cir. 2008) (citation omitted). However, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere

---

for discrimination and retaliation under Section 1981 failed to state a claim for which relief could be granted because Plaintiffs' claims were merely conclusory and were insufficient to show that BOA engaged in discriminatory conduct. The Court declined to exercise supplemental jurisdiction over Plaintiffs' remaining state law claims. Plaintiffs consented to the dismissal of their NJCRA claim because Defendants did not act under a color of law.

conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *see also Fowler v. UPMC Shadyside*, 578 F.3d 203, 210–11 (3d Cir. 2009) (discussing the *Iqbal* standard). If the "well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct," the complaint should be dismissed for failing to show "that the pleader is entitled to relief" as required by Rule 8(a)(2). *Iqbal*, 556 U.S. at 679.

IV. **DISCUSSION**

 A. **Discrimination under Section 1981 Claim (Count I).**

  A plaintiff seeking to bring a claim under Section 1981 must demonstrate: "(1) that plaintiff is a member of a racial minority; (2) intent to discriminate on the basis of race by the defendant; and (3) discrimination concerning one or more of the activities enumerated in the statute, which includes the right to make and enforce contracts." *Brown v. Philip Morris Inc.*, 250 F.3d 789, 797 (3d Cir. 2001) (citation omitted). Here, Plaintiffs still fail to plead facts that show that Defendants intended to discriminate against Plaintiffs because of their race. Despite having a second opportunity to replead their claims under Section 1981, Plaintiffs plead only that Mr. and Ms. Martinez are members of a racial minority without pleading any facts demonstrating that Plaintiffs were treated differently than any other individuals or businesses who are not members of a protected class. (*See* Compl. ¶¶ 14-15, 32.) Through bald assertions, Plaintiffs allege that BOA engaged in "continued discriminatory conduct toward minority customers and bus[inesses]" and would have treated "white similarly situated customer[s]" differently. (Compl. ¶¶ 41-50, 54). Despite alleging a "long standing banking relationship with [BOA]", Plaintiffs have failed to plead the existence of any prior PPP loan issues with BOA, identify customers that had PPP loan issues with BOA, specify as to the PPP loan issues, or detail communications with BOA regarding the

PPP loan issues. (*Id.* ¶ 21). Instead, Plaintiffs' complaint is still fraught with conclusory allegations absent of any facts to support their claims.

Plaintiffs' reliance upon the allegation that BOA unilaterally closed a borrower account claiming the borrower fraudulently received PPP Funds as evidence that BOA engaged in discriminatory conduct toward minority customers falls flat. (*See* Compl. ¶ 51.) Without identifying the borrower or specifying the details of the borrower's account closure, Plaintiffs' allegations of race-based discrimination is simply conclusory. As this Court previously noted in its Letter Opinion dismissing Plaintiffs' original complaint asserting identical Section 1981 claims, Plaintiffs' conclusion that BOA's decision to decline Plaintiffs' PPP Loan transactions was motivated solely by BOA's discriminatory intent, without further support, is "insufficient".[3] *See, e.g.*, *Special Police Org. v. City of Newark*, Civ. No. 19-8444, 2019 WL 4410066, at *3 (D.N.J. Sept. 16, 2019) (dismissing Section 1981 claim where plaintiffs failed to "set forth any facts to suggest that [they] were discriminated against based on their races or ethnicities"); *Williams v. Wells Fargo Bank, N.A.*, Civ. No. 16-1003, 2016 WL 4370033, at *4 (D.N.J. Aug. 10, 2016) (dismissing Section 1981 claim where plaintiff failed to "establish that [d]efendant treated him differently than others outside of the protected class who were similarly situated") (citation omitted). Without more, Plaintiffs' complaint fails to allege facts sufficient to maintain claims under Section 1981. Count I will therefore be dismissed.

### B. Retaliation under Section 1981 Claim (Count II).

Plaintiffs' attempt to assert a retaliation claim under Section 1981 fails for the same reasons previously noted by this Court in its Letter Opinion dismissing Plaintiffs' Section 1981 claims. Section 1981 "also encompasses the claim of an individual (black or white) who suffers retaliation

---

[3] *See* Letter Opinion filed in *Republic Group, LLC, et al. v. Bank of America, N.A., et al.*, Case No. 2:20-cv-12081 (D.N.J.).

because he has tried to help a different individual, suffering direct racial discrimination, secure his § 1981 rights". *See, e.g.*, *Estate of Olivia ex rel. McHugh v. New Jersey*, 604 F.3d 788, 797-798 (3d Cir. 2010) (quoting *CBOCS West, Inc. v. Humphries*, 553 U.S. 442 (2008)). To maintain a claim for retaliation, a plaintiff must plead facts showing (1) that he engaged in a protected activity; (2) that he suffered an adverse action; and (3) that there was a causal connection between the protected activity and the adverse action. *See, e.g.*, *Estate of Olivia ex rel. McHugh v. New Jersey*, 604 F.3d at 798; *Barker v. Our Lady of Mount Carmel School*, Civ. No. 12-4308, 2016 WL 4571388, *12 (D.N.J. September 1, 2016). Notably, the Third Circuit has held that in a retaliation case, "a plaintiff must demonstrate that there had been an underlying Section 1981 violation." *See Estate of Olivia ex rel. McHugh v. New Jersey*, 604 F.3d at 798.

Here, Plaintiffs' complaint fails to plead a claim for retaliation under Section 1981. As a threshold matter, Plaintiffs' complaint fails to allege facts to support the requirement of an underlying Section 1981 violation. Even if Plaintiffs' complaint alleged facts to support an underlying Section 1981 violation, Plaintiffs' complaint is devoid of any facts to establish a *prima facie* retaliation claim. Plaintiffs' retaliation claim rests solely upon the allegation that BOA closed Mr. and Ms. Martinez's personal accounts and the business accounts for Republic, MBE and RNH. (*See* Compl. ¶¶ 41-50.) However, Plaintiffs' complaint lacks allegations surrounding BOA's role in the closure of the accounts or that BOA did anything other than close Plaintiffs' accounts. Simply alleging that Plaintiffs advised BOA that the purpose of the businesses was to assist minority and women owned businesses is insufficient to conclude that BOA's decision to close the accounts was motivated by discriminatory intent.  (*See* Compl. ¶¶ 28-31). The Complaint does not set forth any facts to suggest that Plaintiffs were discriminated against based on their race,

7

ethnicities, or genders. Without more, Plaintiffs' complaint fails to allege facts sufficient to maintain claims under Section 1981. Count II will therefore be dismissed.

### C. NJLAD and Breach of Contract (Counts III and Count IV).

Although 28 U.S.C. § 1367 permits federal courts to exercise jurisdiction over state law claims, "if the federal claims are dismissed before trial, even though not insubstantial in a jurisdictional sense, the state claims should be dismissed as well." *United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 726 (1966); *see also Stehney v. Perry*, 907 F. Supp. 806, 825 (D.N.J. 1995) ("[A] federal district court may decline to exercise its supplemental jurisdiction over state law claims if all federal claims are dismissed."); *Washington v. Specialty Risk Servs.*, Civ. No. 12-1393, 2012 WL 3528051, at *2 (D.N.J. Aug. 15, 2012) (noting that "where the claim over which the district court has original jurisdiction is dismissed before trial, the district court must decline to decide the pendent state claims") (alterations in original) (citing *Hedges v. Musco*, 204 F.3d 109, 123 (3d Cir. 2000)) (internal citations omitted). Plaintiffs' federal claims have been dismissed and this Court declines to exercise supplemental jurisdiction over Plaintiffs' remaining state law claims.[4]

### V. CONCLUSION

For the foregoing reasons, Defendants' Motion to Dismiss is **GRANTED without prejudice**. Plaintiffs shall have one final opportunity to amend their complaint and state a timely claim. If Plaintiffs choose to pursue this matter, Plaintiffs shall file an amended complaint within thirty (30) days. An appropriate order follows.

                                                /s/ Susan D. Wigenton
                                    **SUSAN D. WIGENTON, U.S.D.J.**

---

[4] If this Court were to address the substance of Plaintiffs' NJLAD claim, it would likely be dismissed pursuant to Rule 12(b)(6) as well, because plaintiffs bringing such claims must satisfy pleading requirements similar to those for Section 1981 claims. *See, e.g.*, *Florentino v. City of Newark*, Civ. No. 19-20155, 2020 WL 5105291, at *14 (D.N.J. Aug. 31, 2020) (identifying the pleading requirements of a successful NJLAD claim).

Orig: Clerk
cc: Parties
James B. Clark, III, U.S.M.J.